IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

MERIAL LIMITED,                           *

     Plaintiff,                          *

vs.                                       *      CASE NO. 3:08-CV-121 (CDL)

INTERVET, INC.,                           *

     Defendant.                          *

_____

O R D E R

Plaintiff Merial Limited ("Merial") alleges that Defendant Intervet, Inc. ("Intervet") infringed its patent.  Intervet asserts that this action should be transferred to the U.S. District Court for the District of Connecticut under 28 U.S.C. § 1404(a).  For the reasons set forth below, Intervet's Motion to Transfer to the District of Connecticut (Doc. 28) is granted.

BACKGROUND

Merial's United States operational headquarters is in Duluth, Georgia.  (Compl. ¶ 2.)  Intervet's principal place of business is in Delaware.  (*Id.* ¶ 3; Answer ¶ 3.)  At the time of the filing of the Complaint in December of 2008, Intervet was registered to do business in Connecticut. (Ex. A to Waks Decl., Nov. 23, 2009, CONCORD Filing History for Intervet.)  Shortly after Merial filed its Complaint in this action, Intervet was merged into Schering-Plough Animal Health Corporation.[1]  (Jones Decl. ¶ 2, Nov. 20, 2009.)  At that time, as a

_____

[1]Intervet is now a wholly owned subsidiary of Schering-Plough Corporation, which in November of 2009 changed its name to Merck & Co., Inc.  (Intervet's Revised Rule 7.1 Disclosure Statement.)

result of the merger, Schering-Plough applied to withdraw Intervet's Connecticut business registration.  (*Id.* ¶ 3; Ex. A to Waks Decl.)  Nonetheless, following the merger, Intervet continued to sell animal health products in Connecticut.  (Jones Decl. ¶ 3; Biggins Decl. ¶ 2, Nov. 23, 2009.)  In 2008 and 2009, Intervet's Connecticut sales of animal health products totaled more than $2 million per year.  (Biggins Decl. ¶ 2.)

Merial claims that it owns U.S. Patent No. 6,224,882 ("'882 Patent") by virtue of an assignment.  (Compl. ¶ 7.)  Merial filed the present patent infringement action on December 10, 2008, alleging that Intervet infringes the '882 Patent because it "makes, uses, offers to sell, sells, causes to be sold, or causes the use of" certain accused products.  (*Id.* ¶¶ 5, 9.)  In a separate action brought in this Court, Merial accused Boehringer Ingelheim Vetmedica, Inc. ("BIV") of infringing the '882 Patent.  (Compl. ¶¶ 5, 9, *Merial Ltd. v. Boehringer Ingelheim Vetmedica, Inc.*, 3:08-CV-116 (M.D. Ga.).)  The Court transferred that action to the U.S. District Court for the District of Connecticut.  (Order Granting Mot. for Transfer of Venue, Mar. 11, 2010, 3:08-CV-116.)  Intervet asks the Court to transfer this action to the Connecticut Court pursuant to 28 U.S.C. § 1404.

DISCUSSION

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it

2

might have been brought." The Court has discretion to decide whether to transfer a case to another district based on an individualized "consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted). The federal courts typically accord a plaintiff's choice of forum considerable deference, so the § 1404(a) movant has the burden to establish that its proposed forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).

The Court must first determine whether the present action "might have been brought" in Connecticut. Merial contends that the Connecticut Court would lack personal jurisdiction over Intervet and that the action thus could not have been brought in Connecticut. Intervet strongly argues that "Connecticut plainly possesses personal jurisdiction over Intervet." (Intervet's Reply in Supp. of Mot. to Transfer 3.) In support of its argument that personal jurisdiction exists, Intervet points out that it was registered to do business in Connecticut as of the date this action was filed, and Intervet directs the Court to evidence of its significant sales of animal health products in Connecticut.[2] The Court concludes that these

---

[2]Merial contends that these facts are not enough to confer personal jurisdiction under Connecticut's long arm statute, Conn. Gen. Stat. § 33-929(f), because Intervet did not present any evidence that it sold or offered for sale the specific accused product—Circumvent® PVC—in Connecticut. In support of this argument, Merial points to *American Wholesalers Underwriting, Ltd. v. American Wholesale Insurance Group, Inc.*, 312 F. Supp. 2d 247 (D. Conn. 2004), in which the defendant raised the defense of personal jurisdiction to the plaintiff's trademark infringement action. *Id.* at 251. The action was dismissed because, after discovery, the plaintiff was unable to produce any evidence that any

facts, combined with Intervet's admission that Connecticut possesses personal jurisdiction over it, are sufficient to establish that both personal jurisdiction and venue are proper in Connecticut; thus, this action "might have been brought" in Connecticut.[3]

The Court now turns to the question whether the "convenience of parties and witnesses" and "the interest of justice" weigh in favor of the requested transfer.  Nine factors are typically evaluated in making such a determination:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). In considering these factors, the courts must usually bear in mind that "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (internal quotation marks omitted).

---

"passing off" of the plaintiff's trademark occurred in Connecticut. *Id.* at 253.

[3]Based on Intervet's representation to this Court that Connecticut possesses personal jurisdiction over it and its arguments in favor of transfer, Intervet should be deemed to have waived any personal jurisdiction defense and should be estopped from later asserting a personal jurisdiction defense to the Connecticut Court.

Here, Merial's choice of forum weighs strongly against transfer. However, trial efficiency and the interests of justice weigh strongly in favor of transfer because issues of claim construction and validity of the '882 Patent overlap significantly with Merial's action against BIV, which has been transferred to Connecticut. The risk of conflicting decisions on these issues militates strongly in favor of transfer. Merial concedes that two factors are neutral: the forum's familiarity with the governing law and the relative means of the parties. (Merial's Opp'n to Intervet's Mot. to Transfer 17-18.) Merial asserts that the remaining factors weigh against transfer. The Court disagrees and concludes that the remaining factors are neutral or weigh slightly in favor of transfer.

Convenience of the Witnesses. Merial implicitly acknowledges that this factor is at least neutral. (*Id.* at 14 (arguing that "where, as is the case here, 'the overwhelming majority of the individuals . . . are party witnesses or witnesses that are closely aligned with one party[,] [t]hese types of witnesses are presumed to be willing to testify in either forum despite inconvenience.'" (alterations in original) (quoting *Rigby v. Flue-Cured Tobacco Coop. Stabilzation Corp.*, Civil Action No. 7:05-CV-122 (HL), 2006 WL 1312412, at *4 (M.D. Ga. May 11, 2006)))). Merial also acknowledges that though Merial's employee witnesses are located in Georgia, most of the non-party witnesses, including the inventors of the '882

Patent, are located in or near Connecticut.[4]  This factor thus weighs slightly in favor of transfer.

Availability of Process.  Though Merial argues that availability of process weighs against transfer, Merial does not point to any non-party witnesses for whom process would be available in Georgia but not Connecticut, so the Court finds that this factor is neutral.

Location of the Evidence.  Merial has not pointed to any records that are located in Georgia and cannot, without unnecessary inconvenience, be transported to Connecticut.  In fact, Merial asserts that it has already engaged in extensive litigation with Invervet and that the parties "used electronic means to produce documents during discovery."  (Merial's Opp'n to Intervet's Mot. to Transfer 16.)  Thus, "access to discovery in this action will be . . . untethered to any specific location."  (*Id.*)  Accordingly, this factor is neutral.

Locus of Operative Facts.  Merial contends that the primary locus of operative facts is in Georgia because, Merial alleges, Intervet sold and offered for sale the accused products in Georgia.  However, the '882 Patent was developed in Connecticut, and Intervet asserts that it sold its animal health products across the United States, including in Connecticut.  The Court thus concludes that this factor is neutral.

---

[4]Merial argues that Intervet has not made a sufficient showing that the inventors of the '882 Patent possess any evidence necessary to this case, but Intervet points out that the inventors' testimony is relevant on patent validity issues.

Convenience of the Parties. With regard to convenience of the parties, transfer would "merely shift inconvenience" from Intervet to Merial, which is not a sufficient justification for transfer in the absence of other factors. *Robinson*, 74 F.3d at 260.

In summary, the Court finds that while Merial's choice of forum weighs against transfer, trial efficiency and the interests of justice weigh in favor of transfer, and convenience of the witnesses weighs slightly in favor of transfer. If the Court were to retain this action, two different courts would have to decide issues of claim construction and validity with regard to the '882 Patent—a duplicative effort with a risk of inconsistent decisions on these issues. Under these circumstances, the Court concludes that it should transfer this action to the Connecticut Court.

CONCLUSION

As discussed above, Intervet's Motion to Transfer (Doc. 28) is granted, and the Clerk is directed to transfer this case to the U.S. District Court for the District of Connecticut.


IT IS SO ORDERED, this 11th day of March, 2010.


                                        S/Clay D. Land
                                        CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE

7